United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Fernando I. De Zarraga, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 21-23064 -Civ-Scola |
| Scottsdale Insurance Company, | ) |
| Defendant. | ) |

**<u>Order Denying Motion for Remand</u>**

Plaintiff Fernando I. De Zarraga seeks compensation from Defendant Scottsdale Insurance Company under a property insurance policy, for water damage sustained by his real property. (Compl., ECF No. 1-2.) Almost a year and a half after De Zarraga initiated this case in state court, Scottsdale removed it to this Court. (Am. Not. of Removal, ECF No. 8.) De Zarraga now asks that his case be remanded, back to state court, because it was removed a year after he first filed his case. (Pl.'s Mot. for Remand, ECF No. 17.) Scottsdale opposes the motion, arguing De Zarraga acted in bad faith, preventing Scottsdale from timely removing the case (Def.'s Resp., ECF No. 20). De Zarraga did not reply and the time to do so has passed. Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court **denies** De Zarraga's motion to remand (**ECF No. 17**).

1. **Factual and Procedural Background**

De Zarraga originally filed his case, on March 20, 2020, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In his complaint, he says Scottsdale wrongfully denied his claim for water-damage losses sustained to his real property, in Miami, Florida. (Compl. ¶ 18.) The complaint does not provide much detail about the amount of De Zarraga's losses except that he is seeking over $15,000 in damages, that the damage was substantial and caused by water in some way, and that De Zarraga believes his losses are covered by his Scottsdale insurance policy. (*Id.* ¶¶ 1, 9, 12.)

Scottsdale was served with the complaint on April 26, 2020. Several months later, on November 30, Scottsdale served De Zarraga with discovery requests, specifically inquiring as to the amount De Zarraga was seeking in damages. (Def.'s Resp. ¶ 6; Pl.'s Mot. at 4.) De Zarraga's response was due a month later, on December 30. (Def.'s Resp. ¶ 6.) After not complying with that deadline, however, De Zarraga sought, from the state court, on January 4, 2021, an indefinite extension of his deadline to respond. (*Id.* ¶ 7; Pl.'s Mot. at

4.) After emailing Plaintiff's counsel in an attempt to reach an agreement as to an extension, and receiving no response, Scottsdale sought court intervention, asking that De Zarraga be compelled to respond to Scottsdale's discovery requests. (Def.'s Resp. ¶ 8–9.) Beginning in March, Scottsdale attempted to set that motion for hearing, finally getting a response from Plaintiff's counsel, on May 6, that counsel would be available for a hearing in July. (*Id.* ¶ 9.) At a July 13 hearing, in state court, De Zarraga offered no excuse for failing to respond to Scottsdale's discovery requests and the court granted Scottsdale motion. (*Id.* ¶ 11.) When De Zarraga finally complied, on July 26, he provided a 154-page estimate, dated May 13, 2021, showing needed repair costs of $525,634.48. (*Id.*) Fewer than thirty days later, Scottsdale removed the case to this Court, asserting the parties are diverse and the amount in controversy has been met— neither of which is disputed. (Def.'s Not. ¶¶ 5–6.).

### 2. Legal Standard

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In evaluating Lowe's motion for remand, the Court is bound to construe the removal statute strictly, so "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

When a complaint does not include a specific claim for damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319–20. Instead, "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). To meet this burden, Scottsdale need only show that it is "more likely than not" that the amount in controversy requirements have been met. *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011). In evaluating whether the defendant has met this burden, the Court may consider information relating to

the amount in controversy in the record of the state-court proceeding, in response to discovery, or in correspondence between the parties. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (Moore, J.) ("The definition of "other paper" is broad and may include any formal or informal communication received by a defendant.").

Additionally, and at issue in this case, a case may not be removed on the basis of diversity jurisdiction, "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Notably, under this provision, a court's finding "that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal" "shall be deemed bad faith." 28 U.S.C.A. § 1446(c)(3)(B).

### 3. Analysis

In urging remand, De Zarraga points to Scottsdale's not removing the case until well the deadline to do so had passed. Countering Scottsdale's argument—that it is not barred from removing after the one-year deadline, based on De Zarraga's lack of response to its discovery requests—De Zarraga maintains he did not act in bad faith. (Pl.'s Mot. at 2, 4.) In support, De Zarraga points to having not received the $525,634.48 repair estimate until May 12, 2021—over a year after initiating his case. (*Id.* at 2–4.) He also submits that Scottsdale should have been more diligent in seeking court intervention "if [it] felt it was being prejudiced" by De Zarraga's lack of response. (*Id.* at 4.) Ultimately, argues De Zarraga, he could not possibly have acted in bad faith because he simply "had no basis or notice that the amount in controversy was over $75,000 prior to obtaining the repair estimate." (*Id.* at 5.) The Court is unpersuaded.

Almost four months before the expiration of the one-year removal deadline, Scottsdale propounded discovery on De Zarraga, asking him to set forth all the damages he was claiming. (Def.'s Resp. ¶ 6.) Instead of timely responding to that claim, however, De Zarraga instead sought an indefinite extension, after the deadline had already passed. (*Id.* ¶ 7.) He thereafter ignored Scottsdale's offer to agree to a twenty-day extension of the deadline, to January 25 (which would have still been about two months before the expiration of the one-year removal deadline). (*Id.* ¶ 8.) Once that proposed deadline had passed, again with no response from De Zarraga, Scottsdale filed a motion to compel in state court. (*Id.* ¶ 9.) Despite the pending motion to compel, De Zarraga continued to stonewall and didn't agree to a hearing date until July 13. (*Id.*) De Zarraga, after being ordered to by the state court, finally

responded to Scottsdale on July 26, disclosing, for the first time, the repair estimate of $525,634.48. (*Id.* ¶ 11.)

While De Zarraga claims he had no way of knowing that the amount in controversy was over $75,000 until he received the repair estimate, he doesn't set forth any facts showing that he was somehow prevented from seeking that information sooner. Nor does he even allege he tried to discern his own losses—either upon filing his case or upon receiving Scottsdale's discovery requests. Indeed, according to the record before the Court, the only thing stopping De Zarraga from discerning his own losses sooner was his pointed decision not to do so. De Zarraga does not dispute that he made a deliberate decision to ignore Scottsdale's discovery requests. He also does not dispute that he was obligated to respond to those requests before December 30, which would have been almost three months before the expiration of the one-year removal deadline. Without any other explanation from De Zarraga, then, the inescapable inference here is that, at best, De Zarraga purposely chose to stick his head in the sand in order to thwart Scottsdale's ability to remove this case to federal court. This is precisely the kind of bad-faith gamesmanship that the federal removal statute seeks to prevent. *C.f., Thompson v. Belk, Inc.*, 1:13-CV-1412-WSD, 2013 WL 5786587, at *3 (N.D. Ga. Oct. 28, 2013) ("Plaintiff should not be permitted to benefit from the delay in [the defendant's] ability to remove this action when [the plaintiff's] misconduct caused the delay."); *Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281, 1284 (E.D. Va. 1991) ("Congress did not intend plaintiffs, through gimmicks and artful maneuvering used in connection with the one year bar to removal, to straightjacket or deprive nonresident defendants of their legitimate entitlements to removal.").

Because Scottsdale has carried its burden in establishing the parties' diversity and that the jurisdictional threshold amount has been met, many times over, and because Scottsdale, despite its diligence, was prevented from removing this case within the one-year window by De Zarraga's deliberate failure to disclose the amount in controversy, remand is not warranted.

### 4. Conclusion

Accordingly, the Court **denies** De Zarraga's motion for remand (**ECF No. 17**).

**Done and ordered**, at Miami, Florida, on December 16, 2021.

_____
Robert N. Scola, Jr.
United States District Judge